**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISSY MAZZEO, | No. 10-17551 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-01387-RLH-PAL |
| v. | |
| BILL YOUNG, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| JAMES ARTHUR GIBBONS; SIGMUND ROGICH; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted February 13, 2013
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER, HAWKINS, and MURGUIA, Circuit Judges.

Former Clark County, Nevada Sheriff Bill Young appeals the denial of his motion for summary judgment on his qualified immunity defense in this 42 U.S.C. § 1983 action brought by Chrissy Mazzeo. We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291, *see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), and review the question of qualified immunity de novo, *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012). For the reasons that follow, we affirm the district court's order denying summary judgment.

Young is entitled to qualified immunity unless "taking all facts and inferences therefrom in favor of the plaintiff," *Jeffers v. Gomez*, 267 F.3d 895, 905 (9th Cir. 2001), the record shows Young violated Mazzeo's constitutional rights and that the allegedly violated right was "clearly established" at the time of Young's conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223, 235–36 (2009).

Viewing the record in the light most favorable to Mazzeo, we consider the facts the district court identified as examples of adverse action—Young's statements to the

press[1] and Sigmund Rogich's involvement in directing a witness to craft a misleading statement—along with other facts in the record that the district court likely relied on, including the conduct of Young's co-conspirators.[2] *See Johnson v. Jones*, 515 U.S. 304, 319 (1995) (where a district court does not state those facts it assumed when denying summary judgment, this court may be required to "undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed").

Young's speech-based actions may not, alone, be sufficient to constitute adverse action, *see, e.g.*, *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir.

---

[1] The district court's suggestion that Young's statement about the reasons that Mazzeo declined to pursue the investigation was false because she "instead" told police other reasons for declining to prosecute is belied by evidence in Mazzeo's deposition testimony. Because such an examination of the record contrasts with the practice of "tak[ing], as given, the facts the district court assumed when it denied summary judgment," *Johnson*, 515 U.S. at 319, and because the record contains allegations of adverse action adequately supported by the record, we need not address the impact of the district court's reliance on this fact, *see, e.g.*, *Scott v. Harris*, 550 U.S. 372, 380 (2007) (reversing court of appeals for relying on disputed issue of fact that was clearly contradicted by the record).

[2] The district court found that a triable issue of fact existed as to whether defendants Jim Gibbons, Sigmund Rogich, and Bill Young, among others, acted in a conspiracy to retaliate against Mazzeo for her exercise of her First Amendment rights, a determination of fact we cannot review in the context of this interlocutory appeal, *Johnson*, 515 U.S. at 318. If these allegations are correct, Young may be liable for the acts of other members of the conspiracy. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

1998), particularly in light of Young's own First Amendment rights, *see, e.g.*, *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). But, taken together, the conduct attributable to Young constitutes adverse action sufficient to sustain a retaliation claim as it suggests a "campaign[ ] of harassment and humiliation," *Coszalter v. City of Salem*, 320 F.3d 968, 975–76 (9th Cir. 2003), and evidences "coercion, persuasion, and intimidation," *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000), sufficient to "chill or silence a person of ordinary firmness" in continuing in their First Amendment activities. *Mendocino Envtl. Cent. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

The relevant legal principles were also clearly established at the time of Young's actions, as it was "beyond debate," *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011), that "campaigns of harassment or intimidation," *Coszalter*, 320 F.3d at 975, or "other means of coercion, persuasion, and intimidation," *White*, 227 F.3d at 1228, if proven, could constitute adverse action sufficient to support First Amendment retaliation claims.

Thus, because the record, viewed in the light most favorable to Mazzeo, "support[s] a claim of violation of clearly established law," *Mitchell*, 472 U.S. at 528 n.9, the district court did not err in denying Young's motion for summary judgment on his qualified immunity defense.

**AFFIRMED**.

4